IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEXANDER RIVERA GARCIA<br>24 Helms Cove Ln.<br>Penns Grove, NJ 08069<br><br>   Plaintiff,<br>v.<br><br>NORTH EASTERN OPERATIONS<br>GROUP LLC *d/b/a* NEO-GROUP<br>55 Twin Oaks Road<br>Bridgewater, NJ 08807<br><br>   Defendant. | **CIVIL ACTION**<br><br><br>**No.:**<br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, Alexander Rivera Garcia (*hereinafter* referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. Plaintiff has initiated this action to redress violations by North Eastern Operations Group LLC *d/b/a* Neo-Group (*hereinafter* "Defendant") of the Fair Labor Standards Act ("FLSA" - 29 U.S.C. § 201 *et. seq.*), the New Jersey Wage and Hour Law ("NJ WHL" – N.J.S.A. §§ 34:11-56a, *et seq.*), the New Jersey Wage Payment Law(s) ("NJ WPL" - N.J.S.A. §§ 34:11-4.1 – 34:11-33), and the New Jersey Prevailing Wage Act ("NJ PWA" - N.J.S.A. 34:11-56.25 *et. seq.*). Plaintiff was not properly paid overtime wages mandated by state and federal law(s) and as a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

### JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States. This Court has

supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

3. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945), and its progeny.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and in addition, Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant a resident of the District of New Jersey.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant is a telecommunications service provider that handles planning and site acquisition to construction, technical services and power solutions for cellular sites, and has a location at the address set forth in the caption.

9. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein as if set forth in full.

11. Plaintiff was initially hired by Defendant in or about 2017 as a tower climber and continued to work for Defendant for a period of approximately nine (9) months before being laid off by Defendant.

12. As a tower climber for Defendant, Plaintiff's responsibilities included cell tower construction, maintenance, and troubleshooting for Defendant's customers.

13. While employed with Defendant in 2017, Plaintiff was supervised by Manager, Carlos Antoni (*hereinafter* "Antoni") and earned approximately $25.00 per hour.

14. Plaintiff was separated from his employment with Defendant approximately nine (9) months after initially being hired in 2017; however, in or about January of 2019, Plaintiff was re-hired by Defendant in the same position that he held during his first period of employment (discussed *supra*) and to date, continues to be employed with Defendant in said position.

15. Plaintiff is currently earning $28.00 per hour and is now being supervised by Manager, Jim Franklin (*hereinafter* "Franklin").

16. Throughout his employment with Defendant (in 2017 and in 2019), Plaintiff has always been a non-exempt employee who should have been paid overtime compensation for all hours worked over 40 hours per week at a rate of time and one half.

17. During both periods of employment with Defendant, Plaintiff has always worked well beyond 40 hours in one week; however, Plaintiff has never been paid at a rate of time and one half for any hours worked beyond 40, as required by state and federal wage and hour laws.

18. Defendant has instead setup and perpetrated a system whereby they have and continue to deceive Plaintiff and intentionally fail to abide by state and federal wage and hour laws, which is evidenced by the following:

   a) Defendant's failure to pay Plaintiff time and one half for all hours worked in excess of 40 hours a week;

   b) Defendant's failure to keep proper record of all hours that Plaintiff worked in 2017 – *See* N.J.S.A. §12:56-4.1 and 29 U.S.C. § 211(c).

   c) Subsequent to the implementation of a new time-keeping system in or about early 2019 (after a former employee sued Defendant for overtime violations in late 2018), Defendant still blatantly fails to pay time and half for hours worked over 40 despite clearly having records that its employees, including Plaintiff, work over 40 hours per week;

   d) Defendant's failure to provide Plaintiff with proper paystubs outlining the amount of hours he worked, his hourly rate, his rate for any overtime hours worked, and his total gross and net earnings;

   e) Defendant's failure to withhold any taxes from Plaintiff's pay; and

   f) Defendant's refusal to provide Plaintiff with proper tax forms/documents.

19. All of Defendant's actions as aforesaid are without question willful, intentional and in blatant disregard for state and federal laws.

## COUNT I
### Violations of the Fair Labor Standards Act ("FLSA")
(Failure to Pay Overtime Wages & Retaliation)

20. The foregoing paragraphs are incorporated herein as if set forth in full.

21. At all times relevant herein, Defendant, has and continues to be, an "employer" within the meaning of the FLSA.

22. The FLSA requires covered employers, such as Defendant, to minimally compensate their "non-exempt" employees, such as Plaintiff, at a rate of 1.5 times the employee's regular rate of pay (or prevailing wage rate) for each overtime hour that the employee works in excess of 40 hours in a workweek.

23. At all times relevant herein, Plaintiff was a non-exempt "employee" within the meaning of the FLSA.

24. Defendant knew that Plaintiff was a "non-exempt" employee within the meaning of the FLSA.

25. Defendant failed to pay Plaintiff proper overtime compensation for all hours that he worked over 40 hours in one week.

26. As a result of Defendant's failure to pay Plaintiff the overtime compensation due him, Defendant violated the FLSA and caused Plaintiff to suffer damages in the form of unpaid overtime compensation.

### COUNT II
### Violations of the NJ WHL & NJ WPL
### (Unpaid Overtime Compensation and Wages)

27. The foregoing paragraphs are incorporated herein as if set forth in full.

28. At all times relevant herein, Defendant, has and continues to be, an "employer" within the meaning of the NJ WHL.

29. At all times relevant herein, Plaintiff was a non-exempt "employee" within the meaning of the NJ WHL.

30. The NJ WHL requires covered employers, such as Defendant, to minimally compensate their "non-exempt" employees, such as Plaintiff, at a rate of 1.5 times the employee's regular rate of pay (or prevailing wage rate) for each overtime hour that the employee works (*i.e.* hours in excess of 40 hours in a workweek).

31. Defendant knew that Plaintiff was a "non-exempt" employee within the meaning of the NJ WHL.

32. Defendant failed to pay Plaintiff proper overtime compensation for all hours that he worked over 40 hours in one week.

33. Furthermore, during the week of August 26, 2019, Plaintiff worked 60+ hours for Defendant.

34. To date, Plaintiff has not been paid any wages for the work he performed for Defendant during the week of August 26, 2019.

35. As a result of Defendant's failure to pay Plaintiff the overtime compensation due him, Defendant has violated the NJ WHL and NJ WPL and has caused Plaintiff to suffer damages in the form of unpaid overtime compensation.

## COUNT III
### Violations of the NJ PWA
### (Unpaid Prevailing Wages)

36. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

37. During the week of August 26, 2019, Plaintiff worked 60+ hours for Defendant on a government contracted project.

38. Plaintiff was supposed to be paid prevailing wages for the hours he performed work on the aforesaid government contract.

39. To date, Plaintiff has not been paid any wages for the work he performed for Defendant during the week of August 26, 2019.

40. These actions as aforesaid constitute violations of the NJ Prevailing Wage Act.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings and any other owed compensation. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered legal violations at the hands of Defendant until the date of verdict;

B. Plaintiff is to be awarded liquidated damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future (and to compensate Plaintiff for lost use of income);

C. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate;

D. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

E. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

F. Plaintiff's claims are to receive trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: October 29, 2019